**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| ZIBI SZLEK, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 2:12-CV-000001-RWS |
| U.S. BANK NATIONAL : | |
| ASSOCIATION, as trustee for : | |
| Credit Suisse First Boston : | |
| Mortgage Securities Corp. *et al.*, : | |
| : | |
| Defendants. : | |

**ORDER**

This case is before the Court for consideration of Plaintiff's Motion to Remand [10]. After reviewing the record, the Court enters the following Order.

Plaintiff originally filed this action in the Superior Court of Forsyth County seeking to enjoin Defendants from foreclosing on property located at 5675 Buckleigh Pointe, Suwanee, Forsyth County, Georgia (the "Property"). In support of his claims, Plaintiff alleges the following facts in the Complaint.

Plaintiff purchased the Property on September 28, 2000. Compl. [1-1] at 2. In June 2005, Plaintiff refinanced the loan on the Property and executed and note and security deed in favor of Mortgage Electronic Registration System ("MERS"), as nominee for Wachovia Mortgage Corporation ("Wachovia"). Id.

Around June 2009, Plaintiff began the process of apply for a loan pursuant to the Home Affordable Modification Program ("HAMP") with Wachovia. Id. at 3. According to a representative of Wachovia, Plaintiff was to receive his loan modification in late September 2009. Id. Around that time, "the transfer of Wachovia Mortgage to Wells Fargo Bank & Company occurred." Id. Defendants U.S. Bank National Association ("U. S. Bank") and Wells Fargo, N.A. ("Wells Fargo") misplaced the loan modification documents. Id. As a result of the negligence of U. S. Bank and Wells Fargo in losing the documents, Plaintiff had to re-initiate the loan modification process. Id

While Plaintiff has been actively engaged in negotiations with Wells Fargo for a loan modification, Wells Fargo began foreclosure proceedings. Id. Wells Fargo's representatives assured Plaintiff that foreclosure proceedings would not commence while the loan modification was being reviewed. Id. He alleges that Wells Fargo has breached that agreement by initiating the foreclosure process while the loan modification is still under review. Id.

Plaintiff alleges that Wells Fargo "failed 'duty' to provide a loan modification under Georgia Civil Code where loan modification presents a better 'net present value' proposition to the holder of the loan than does

pursuing foreclosure." Id. The thrust of Plaintiff's argument is that a loan modification should have been reached already. Id. Plaintiff goes on to allege that Defendants have no right to foreclose when Plaintiff was led to believe that a loan modification would be in effect. Id.

Plaintiff also alleges that Defendants "have no legal standing to institute or maintain a foreclosure of the Property." Id. at 4. Plaintiff seeks a declaratory judgment that Defendants have no rights in the existing Note and Security Deed for purposes of foreclosure. Id. at 5.

Defendants removed the case to this Court asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331 as the basis for this Court's subject matter jurisdiction. Notice of Removal [1] at ¶ 3. Plaintiff has filed a Motion for Remand [10] asserting that his claim is a state law promissory estoppel claim and raises no federal questions of law. Pl.'s Brief [10-1] at 6. Plaintiff states that he does not allege a violation of any federal law in the actions of Defendants "[n]or does he allege he was unlawfully deprived of rights under any [federal program]." Id. at 5.

In response, Defendants point to the allegations in the Complaint that Plaintiff was seeking a loan modification pursuant to HAMP and that

3

AO 72A
(Rev.8/82)

Defendants had a duty to provide the loan modification.  Def.'s Response Brief [12] at 3-4.  Determining whether Defendants had a duty to provide the loan modification will necessarily require the Court to Plaintiff's rights under HAMP.  Thus, the Court will be required to address substantial questions of federal law.

Federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  As the Court reads Plaintiff's Complaint, it does raise a federal question.  For Plaintiff's claim of promissory estoppel to have validity, he must be entitled to a loan modification under HAMP.

Therefore, Plaintiff's Motion to Remand [10] **DENIED**.

**SO ORDERED**, this   21st   day of February, 2012.

_____
**RICHARD W. STORY**
United States District Judge

4

AO 72A
(Rev.8/82)