IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| ZIBI SZLEK, :<br>  :<br> Plaintiff, :<br>  :<br> v. :<br>  :<br> U.S. BANK NATIONAL :<br> ASSOCIATION, as Trustee for :<br> CREDIT SUISSE FIRST :<br> BOSTON MORTGAGE :<br> SECURITIES CORP., CSFB :<br> MORTGAGE-BACKED :<br> CERTIFICATES, SERIES 2005-9; :<br> WELLS FARGO BANK, N.A.; :<br> ELLIS, PAINTER, RATTERREE :<br> & ADAMS, LLP, Attorney in Fact; :<br> and INVESTOR #1, INVESTOR :<br> #2, INVESTOR #3, :<br>  :<br> Defendants. : | CIVIL ACTION NO.<br>2:12-CV-00001-RWS |

**ORDER**

This case comes before the Court on Defendants U.S. Bank National Association as Trustee for Credit Suisse First Boston Mortgage Securities Corp., CSFB Mortgage Securities Certificates Series 2005-9 ("US Bank") and Wells Fargo Bank, N.A.'s ("Wells Fargo") (collectively referred to as the "Lender Defendants") Motion to Dismiss [5] and Defendant Ellis, Painter,

Ratterree & Adams LLP's ("EPRA") Motion to Dismiss [6].  After reviewing the record, the Court enters the following Order.

## Background

This case arises from a mortgage loan transaction between Plaintiff and the Lender Defendants.  On June 28, 2005, Plaintiff executed a promissory note (the "Note") and a security deed (the "Security Deed") in favor of Mortgage Electronic Registration System ("MERS") as nominee for Wachovia Mortgage Corporation ("Wachovia").  (Compl., Dkt. [1-1] at 3 of 11.)  The Lender Defendants state that on July 10, 2009 MERS assigned the Security Deed to US Bank.  (Mem. in Supp. of Lender Defs.' Mot. to Dismiss ("Lender Defs.' Mem."), Dkt. [5-1] at 3 of 16.)  The Lender Defendants further state that Plaintiff eventually defaulted and that the Lender Defendants "accelerated the debt and began non-judicial foreclosure proceedings."  (Id.)

In June 2009, Plaintiff requested and started the process for a loan modification with Wachovia, available through the Home Affordable Modification Program ("HAMP"), authorized under 12 U.S.C. § 5211 et seq. (Compl., Dkt. [1-1] at 3-4 of 11.)  According to a Wachovia representative, Plaintiff was to receive a loan modification in late September 2009.  (Id.)

2

Around that time, "the transfer of Wachovia Mortgage to Wells Fargo Bank & Company occurred." (Id.) The Lender Defendants misplaced the loan modification documents "during the transfer of the documents on September 22, 2009." (Id.) As a result, Plaintiff was required to re-initiate the loan modification process. (Id.) As negotiations proceeded between Plaintiff and Wells Fargo, Plaintiff was "lead [sic] to believe" that he would receive a loan modification. (Id.) Before an agreement to modify the loan was reached, however, Wells Fargo initiated foreclosure proceedings, setting a sale date of December 6, 2011. (Id.)

Plaintiff filed suit on December 1, 2011 in the Superior Court of Forsyth County, and Defendants timely removed the case to this Court on January 3, 2012. (Notice of Removal, Dkt. [1].) On January 5, the Lender Defendants moved to dismiss the Complaint in its entirety (Dkt. [5]) under Federal Rules of Civil Procedure ("Rule") 12(b)(5) and 12(b)(6), arguing that Plaintiff failed to effect service on them and that the Complaint failed to state a claim upon which relief may be granted.[1] (Lender Defs.' Mem., Dkt. [5-1] at 6-7 of 16.)

---

[1] With respect to Defendants' motion to dismiss under Rule 12(b)(5) for failure to perfect service, the record shows that subsequent to the filing of the Lender Defendants' motion, Plaintiff served the Lender Defendants within the time permitted

3

On January 10, Defendant EPRA also moved to dismiss the Complaint under Rule 12(b)(6) for failure to state a claim against it. (EPRA's Mot. to Dismiss, Dkt. [6] at 1 of 4.)

The Court notes that it is unclear from the face of the Complaint which claims Plaintiff is attempting to raise. Plaintiff clarifies in his response brief in opposition to the Lender Defendants' Motion to Dismiss, however, that he is asserting a claim for promissory estoppel, based on the Lender Defendants' alleged promise to extend Plaintiff a loan modification.[2] (Pl.'s Br. in Opposition to Lender Defs.' Mot. to Dismiss ("Pl.'s Br."), Dkt. [9] at 5 of 10.) The Court first sets out the legal standard governing Defendants' motions to dismiss before considering the motions on the merits.

---

under Rule 4(m). Accordingly, the Court will consider only the Lender Defendants' motion to dismiss for failure to state a claim under Rule 12(b)(6).

[2] It also appears that Plaintiff may be challenging the Lender Defendants' standing to foreclose on his loan, based on the allegation that the Lender Defendants have failed to show ownership of the Note. (Pl.'s Br., Dkt. [9] at 7 of 10 (citing Compl., Dkt [1-1] at 3 of 11).) The Court will address this claim in addition to Plaintiff's claim for promissory estoppel.

4

## Discussion

**I.     Legal Standard**

When considering a Rule 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal citations omitted); Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id.

The United States Supreme Court has dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Twombly, 127 U.S. at 561 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Supreme Court has replaced that rule

5

with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level." Id. at 556.  The plausibility standard "does not[, however,] impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." Id.

Additionally, because Plaintiff is acting pro se, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).  "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 637 (11th Cir. 2010).

## II.    The Lender Defendants' Motion to Dismiss [5]

As stated in the Background section, supra, Plaintiff raises a claim against the Lender Defendants for promissory estoppel, alleging that he relied to his detriment on the Lender Defendants' promise that he would receive a loan modification.  Specifically, Plaintiff alleges that "[p]ursuant to [his] request and Defendant's encouragement, [he] started process [sic] of a loan modification," and that Wachovia promised that he would receive a loan

6

modification. (Compl., Dkt. [1-1] at 4 of 11.) Further, Plaintiff alleges that he was "lead [sic] to believe . . . that a loan modification [would] be in effect," but that the Lender Defendants failed to modify the loan and instead proceeded to foreclosure. (Id.) The Lender Defendants argue that Plaintiff's pleading fails to state a claim for promissory estoppel because it fails to allege enough facts to establish a promise or reasonable reliance–two essential elements of a claim for promissory estoppel. (Lender Defs.' Reply Brief ("Lender Defs.' Reply"), Dkt. [14] at 2 of 7.)

To state a claim for promissory estoppel under Georgia law, a plaintiff must allege sufficient facts to plausibly establish the following elements: "(1) the defendant made a promise or promises; (2) the defendant should have reasonably expected the plaintiff to rely on such promise; (3) the plaintiff relied on such promise to its detriment, and (4) an injustice can only be avoided by the enforcement of the promise . . . ." Handon Props., LLC v. Cinema Dev., LLC, 620 S.E.2d 644, 649 (Ga. Ct. App. 2005). "Promissory estoppel does not, however, apply to vague or indefinite promises, or promises of uncertain duration." Georgia Invs. Int'l, Inc. v. Branch Banking and Trust Co., 700 S.E.2d 662, 664 (Ga. Ct. App. 2010). For example, in Georgia Investments, the

7

Georgia Court of Appeals held that a promise to make a loan in the future was too vague to support a claim for promissory estoppel where the plaintiff alleged the duration of the loan, but did not allege any "other material terms, particularly the interest rate." Id.

The Court agrees with the Lender Defendants that Plaintiff has failed to state a claim for promissory estoppel under Georgia law because the promise alleged by Plaintiff is too vague. Plaintiff alleges only that the Lender Defendants led him to believe that he would receive a loan modification. Plaintiff does not allege any of the essential terms of the purported modified loan, such as the loan's duration or interest rate. Thus, Plaintiff's claim for promissory estoppel fails as a matter of law.

As stated in footnote 2, supra, Plaintiff also appears to challenge the Lender Defendants' standing to foreclose, arguing that the Lender Defendants "do not own the Note for the underlying debt, and therefore, do not have the right to foreclose . . . ." (Pl.'s Br., Dkt [9] at 7 of 10 (citing Compl., Dkt [1-1] at 3 of 11).) To the extent Plaintiff alleges that Defendants must "produce the note" to have standing to foreclose, this claim fails under Georgia law. See, e.g., Watkins v. Beneficial, HSBC Mortg., No. 1:10-CV-1999-TWT-RGV,

8

2010 WL 4318898, at *4 (N.D. Ga. Sep. 2, 2010) (noting that Georgia law does not require the "lender commencing foreclosure proceedings to produce the original note"); Hill v. Saxon Mortg. Servs., Inc., No. 1:09-CV-1078-RLV, 2009 WL 2386057, at *1 (N.D. Ga. May 14, 2009) (rejecting plaintiff's demand that lender produce original promissory note).  Accordingly, Plaintiff's "produce the note" claim fails as a matter of law.

In sum, Plaintiff's claims against the Lender Defendants fail as a matter of law and are due to be **DISMISSED**.

## II.  Defendant EPRA's Motion to Dismiss [6]

As stated in the Background section, supra, Defendant EPRA also moves to dismiss the Complaint in its entirety pursuant to Rule 12(b)(6), arguing that Plaintiff has failed to allege any facts regarding this Defendant and therefore fails to state a claim against it.  (EPRA's Br. in Supp. of Mot. to Dismiss ("EPRA's Br."), Dkt. [6-1] at 2 of 6.)  Plaintiff has failed to file a response, and therefore the motion is deemed unopposed.  See LR 7.1B, NDGa ("Failure to file a response shall indicate there is no opposition to the motion.").  Having reviewed the Complaint, the Court agrees that Plaintiff has failed to allege any facts pertaining to Defendant EPRA and therefore, under the pleading standards

9

of Rule 8 and <u>Twombly</u>, has failed to state a claim for relief against it. The Complaint therefore is due to be **DISMISSED** against Defendant EPRA.

## Conclusions

In accordance with the foregoing, the Lender Defendants' Motion to Dismiss [5] and Defendant Ellis, Painter, Ratterree & Adams LLP's Motion to Dismiss [6] are **GRANTED**. The Complaint is dismissed with prejudice and the Clerk is directed to close the case.

**SO ORDERED**, this   28th   day of August, 2012.

*/s/ Richard W. Story*
**RICHARD W. STORY**
United States District Judge